IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN ROSS STENBERG,**

                        **Petitioner,**

         v.                                              **CASE NO. 22-3308-JWL**

**DONALD LANGFORD,**

                        **Respondent.**

### **MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court on Petitioner's motion to appoint counsel. (Doc. 6.) In the motion, Petitioner asserts that he lacks the means to employ counsel to represent him in this matter and his own efforts to obtain counsel have been unsuccessful. *Id.*

Generally speaking, Petitioner has no constitutional right to counsel in a federal habeas corpus action.[1] *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues,

---

[1] If discovery is authorized in this matter or if an evidentiary hearing is warranted, the Court may consider whether appointment of counsel is appropriate. *See* Rules Governing § 2254 Cases, Rules 6 and 8, 28 U.S.C.A. foll. § 2254.

and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

At this stage in the proceedings, the Court concludes that it is not in the interest of justice to appoint counsel. It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). Petitioner has ably articulated his habeas claims, which do not appear to need additional investigation at this time, and which are not of unusual complexity. Moreover, the Court has ordered Respondent to file an answer showing cause why the writ should not be granted. (Doc. 3.) The answer is due on or before April 11, 2023 and Petitioner will then have to and including May 16, 2023 to file a traverse, or reply, to the answer. (Doc. 5.) If circumstances change—for example, if discovery or an evidentiary hearing is warranted—Petitioner may renew his request for appointment of counsel at that time.

**IT IS THEREFORE ORDERED** that Petitioner's motion for appointment of counsel (Doc. 6) is **denied without prejudice**.

**IT IS SO ORDERED.**

DATED:   This 8th day of March, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge