IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN ROSS STENBERG,**

                  **Petitioner,**

      v.                                              **CASE NO. 22-3308-JWL**

**DONALD LANGFORD,**

                  **Respondent.**

## MEMORANDUM AND ORDER

      This petition for writ of habeas corpus under 28 U.S.C. § 2254 was denied on August 24, 2023; Petitioner John Ross Stenberg is currently pursuing an appeal. (Docs. 17-19, 21.) This matter comes before the Court on Petitioner's request for a copy of his petition. (Doc. 26.) Petitioner advises the Court that his personal copy of the petition was "mistakenly misplaced or taken by officers during a shakedown" and he needs a new copy so that he can prepare matters for filing in his appeal. *Id.* Although not titled as such, the Court construes the request as a motion for copies.

      "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990) (quoting *Griggs*). The district court, however, retains limited jurisdiction over "collateral matters not involved in the appeal." *Garcia v. Burlington Northern R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987). The Tenth Circuit has held that the following are collateral matters of this sort: attorney's fees, *see id.*; sanctions, *see Lancaster v. Independent School Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998); release pending appeal, *see United States v. Meyers*, 95 F.3d 1475, 1489 n.6 (10th Cir. 1996); and appointment of counsel,

*see West v. Ortiz*, 2007 WL 706924, *5 n.5 (10th Cir. Mar. 9, 2007) (unpublished). This Court concludes that a request for copies of a previously filed document is also a collateral matter not involved in the appeal, so it has jurisdiction to act on the motion. The request will be granted. In addition, although the Court generally requires advance payment for copies of previously filed documents, in this instance the Court will exercise its discretion to excuse Petitioner from the fee.

**IT IS THEREFORE ORDERED** that the motion for copy (Doc. 26) is **granted.** The Clerk's Office is directed to provide to Petitioner, at no cost to him, a copy of his petition for writ of habeas corpus and all attachments filed on December 21, 2022, which are located at Docket Entry 1.

**IT IS SO ORDERED.**

DATED:  This 2nd day of November, 2023, at Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge